IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA R., as parent and natural guardian of FELICIA R. and FELICIA R. in her own right<br><br>**Plaintiffs**<br><br>v.<br><br>THE SCHOOL DISTRICT OF PHILADELPHIA, and PAUL VALLAS, in his capacity as Executive Director of the School District of Philadelphia<br><br>**Defendants.** | CIVIL ACTION |

**COMPLAINT**

**I.   INTRODUCTION**

1. This is an action filed pursuant to Part B of the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 - 1419 ("IDEA"), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Rehabilitation Act"), and 42 U.S.C. §§ 1983 and 1988 for the failure of the School District of Philadelphia ("District") to comply with their requirements under these provisions to provide a student with disabilities an appropriate education in the least restrictive environment that would meet her needs.

2. Felicia R. by and through her parent, Alicia R. ("Plaintiffs") have exhausted their claims through the administrative process where they prevailed on their claims that the District had failed to classify Felicia appropriately and provide her with a placement consistent with her needs for the first two months of the 2005-06 school year. Neither party appealed the ruling to the second level review.

3.      On June 14, 2006, the Hearing Officer ordered the District to provide Felicia with a full day of compensatory education for each day school was in session for the 2005-06 school year through and including November 7, 2005 when the District arranged for an interim placement at Excel Academy, an alternative school fo 9th and 10th graders.  Exhibit A.

4.       Despite the adverse ruling, the District has failed to provide the ordered compensation and, moreover, has failed to arrange for an appropriate placement for Felicia for the 2006-07 school year.

5.      As per the District's oral agreement, Felicia was to attend an alternative placement that would provide her with an appropriate grade-level curriculum in a small setting. Exh. A at 3.

6.      Plaintiffs come now to seek the ordered compensation and an appropriate placement for Felicia for the 2006-07 school year.  Plaintiffs argue that the District's past behavior toward Felicia is proof positive that exhaustion through the administrative process is futile and Felicia would be unduly harmed by any continued deprivation of education.  Plaintiffs will file a motion for preliminary injunction on this issue forthwith.

7.      Plaintiffs also seek their reasonable attorney fees and costs and damages  under the Rehabilitation Act (29 U.S.C. § 794a(b)) and 42 U.S.C. § 1983 pursuant to their success at the administrative level.

8.      Plaintiffs come now to enjoin Defendants to provide the relief that the Hearing Officer ordered, to procure an appropriate placement whereby Felicia can complete her 11th and 12th grades, to pay damages and plaintiffs' reasonable attorney fees and costs.

## II. JURISDICTION AND VENUE

9. This action is brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1431-1445 and 42 U.S.C. §§ 1983 and 1988.

10. The Court's subject matter jurisdiction is authorized under: 20 U.S.C. § 1415, 28 U.S.C. §§ 1331, and 1343; 29 U.S.C. § 794a(a); 42 U.S.C. §§ 1988.

11. Venue is appropriate under 28 U.S.C. §1391(b).

## III. PARTIES

12. **Plaintiff Felicia R. ("Student")**, born on August 3, 1988, is a student in the School District of Philadelphia who lives at 574-A Rosalee Street, Philadelphia, PA 19120 and, as stipulated by the parties, was and continues to be eligible for services as a student with a disability from the District pursuant to 20 U.S.C. § 1413.

13. **Plaintiffs Alicia R. ("Parent")**, is the Parent of Felicia R.. At all times relevant to this action, the family resided in the City of Philadelphia. The mother currently lives at 574-A Rosalee Street, Philadelphia, PA 19120.

14. Felicia was identified as a student with a disability and began receiving specially designed instruction in a part-time learning support setting after she was identified as a student with mild mental retardation and was placed in learning support in 2002.

15. **School District of Philadelphia ("District")**, has its principal place of business at 440 North Broad Street, 3rd Floor, Philadelphia, PA 19130. As the local education agency within the meaning of the IDEA, the District is responsible for providing a free appropriate public education for eligible children within its jurisdiction.

16. At all times relevant to this action, the District received Federal financial

assistance for the implementation and provision of programs and services to meet the needs of students with disabilities located in the City's limits.

17.     **Defendant, Paul Vallas ("Vallas")**, is the Chief Executive Officer of the District, and in this role is responsible for the overall operation of the District which function includes assurances that the District will comply with the appropriate federal and state laws.

18.     Defendant Vallas's responsibilities include preparing the budget for and overseeing the overall operation of the District and assuring that it is run in accord with Federal and State laws and policies, including how such policies pertain to students with disabilities.

## IV.    SUPPORTING FACTS

### A.    The Parent Prevailed on Her Claims for Compensatory Education at the Due Process Level.

19.     Felicia was raped at a comprehensive high school in the District and placed on homebound instruction for half of the 2003-04 school year pursuant to a request from her medical provider. During that year Felicia attended rape counseling as provided by Women Organized Against Rape.

20.     Plaintiffs claims at the due process hearing consisted of the appropriate classification for Felicia and compensatory education for the approximately two months that she was denied an educational program by the District at the beginning of the 2004-05 school year.

21.     The Hearing Officer found in favor of the Parent on both claims; neither party appealed the Hearing Officer's decision.

22.     As noted in the Hearing Officer's decision and opinion, Plaintiffs limited their claims with respect to developing an appropriate program and placement for Felicia for the future based on the District's representation that it would provide such a placement for Felicia.

**B.     The District Has a History of Denying Felicia an Appropriate Placement and has Failed to Provide Her With One for the Current School Year.**

23.    From the rape incident in the 2003-04 school year to the present, the District has been remiss in its obligations to provide Felicia with an appropriate placement.

24.    For the 2004-05 school year, Plaintiffs had difficulty getting an appropriate placement for Felicia and missed about six weeks of school during that year.

25.    For the 2004-05 school year, Plaintiffs accepted a placement that had Felicia, a then 10th grade student, attend the Camelot School of the Excel Academy ("Camelot"), a private school under contract with the District to work with 9th graders to improve their academic and behavioral skills which at the time provided education for 9th graders. There was nothing in the record to indicate that Felicia was at that point, or ever in her history with the school district, a student with behavioral problems.

26.    In Camelot, the students are not allowed to carry books between home and school, and many of the assignments are given out in the form of worksheets and handouts. Consequently, although Felicia had cognitive deficits, she was not allowed to bring books home to review her lessons.

27.    The academic curriculum at Camelot did not challenge Felicia academically; although she missed some 10 weeks of classes in the 2005-06 school year, and had skills judged to be at about the sixth grade level, she was able to pass every major subject during the first report card period. The school did not offer foreign languages, and its math curriculum does not offer students college preparatory mathematics.

28.    Felicia's ambition is to continue her education beyond high school; consequently, a setting such as Camelot does not appropriately prepare her for post-secondary education. The

students are not motivated to excel and are sent to the school because of their missing credits, chronic truancy and outstanding behavioral issues. None of these conditions apply to Felicia, nonetheless, she was placed in this environment because of the trauma she had experienced as a rape victim.

29. The District failed to identify any placement for Felicia for the 2005-06 school year, and the family filed for due process. At the pre-hearing conference, the District proposed Carroll school as a possible placement for Felicia. For legitimate reasons, the family rejected that placement and agreed to have Felicia return to Camelot as an interim placement.

30. Pursuant to the District's agreement to send Felicia to an identified appropriate placement, the family contacted various schools that offered a program and location that would meet her needs, sent records to several and made visits. One school that the District itself had recommended and that the family visited was Ambler Day School, which agreed that it could meet Felicia's needs and accepted her beginning with the 2006-07 school year.

31. Despite written requests through its counsel and repeated phone calls from the family and the family's counsel, the District has not followed through with any arrangements necessary for Felicia's admission.

32. As of the date of this filing, more than a week after the start of the 2006-07 school year, the District has not provided Felicia with an appropriate placement nor have they made the necessary agreements for her to attend the school that it had proposed for Felicia.

**C.     The Parent Was Represented by Competent Counsel Through All Phases of This Action.**

33. All hours and costs expended in this matter were reasonably necessary to obtain relief for the Plaintiffs; all work performed by counsel was reasonably necessary to obtain the

results that enured to the family; and, all aspects of Plaintiffs' claims were contested vigorously by the Defendants.

34. The reasonable hourly rate for Plaintiffs' counsel Barbara Ransom, comparable to compensation for similarly experienced attorneys in the Philadelphia Metropolitan area, where this action arose, is $300.

35. Ms. Ransom is a 1991 graduate of Temple Law School and has been an attorney at the Law Center since 1992. She specializes in litigation on behalf of children and adults with disabilities, including in the area of special education. Ms. Ransom is a member in good standing of the Bar of the Commonwealth of Pennsylvania.

36. Ms. Ransom has represented dozens of students with disabilities in individual special education cases within the Pennsylvania Office for Dispute Resolution, the New Jersey Office of Administrative Law and in federal courts in the Eastern District and the District of Delaware. She has litigated cases including: *Butler v. Delaware Dept. of Pub. Instruction*, C.A. No. 93-482-LON (D.Del. 1994); *Drinker v. Colonial Schl. Dist.*, 888 F.Supp. 674 (E.D. Pa. 1995), *aff'd* 78 F.3d. 859 (3d. Cir. 1996); *Michael Z. and Debra Z. v. Montgomery Co. I.U., C*ivil Action No. 04-CV-1498 (E.D.Pa., 2004) (settled) (Padova, J.); *Andrew M. v. Delaware County OMH/MR*, 2005 U.S. Dist. LEXIS 5819 (E.D. Pa. April 7, 2005). She has also represented children with disabilities in the class action litigation, *Gaskin v. Commonwealth of Pennsylvania,* No. 94-4048, 1995 WL 329059, 1995 WL 154801 (E.D. Pa. 1994), which was settled by order of the Eastern District (Roberno, J.).

37. In the above cases, Ms. Ransom has had responsibility for all aspects of litigation, including: preparing for and pursuing claims drafting pleadings, conducting discovery, negotiating with Defendants,. Ms. Ransom has also been successful in negotiating settlement

agreements in several cases in this jurisdiction.

## V.    LEGAL AUTHORITY FOR PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES.

38.    Plaintiffs plainly are "prevailing parties" and therefore entitled to reasonable attorney fees as part of the costs of this litigation. A party who succeeds on any significant issue is a "prevailing party." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989). A party "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties. *See Farrar v. Hobby*, 506 U.S. 103, 111 (1992)(when the modification of the defendant LEA's behavior directly benefits the plaintiffs, there is an alteration in the legal relationship between the parties).

39.    The starting point for computation of attorneys' fees in civil rights cases is the "lodestar" figure, arrived at by multiplying the number of hours reasonably expended by the attorneys' reasonable hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This "resulting product is ***presumed*** to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Delaware Valley Citizens Counsel for Clean Air*, 478 U.S. 546, 564 (1986) (emphasis in original)(citation omitted). Where, as here, the party prevails and the results are substantial, the "attorney should recover a fully compensatory fee ... encompass[ing] all the hours reasonably expended on the litigation ..." *Hensley*, 461 U.S. at 435.

## VI.    ARGUMENT

40.    The legal relationship between the family and the District was materially altered by the June 14, 2006 decision of the Hearing Officer. The District had not provided Felicia with either a placement or services from the first day of the 2005-06 school year through November 7, 2005. As a result of the Hearing Officer's decision, the District is required to provide Felicia the equivalent of the missed days in the form of compensatory education.

41. As prevailing parties Plaintiffs are entitled to reasonable attorney fees as part of the costs of this litigation.

## VII. CAUSES OF ACTION

### COUNT I: INDIVIDUALS WITH DISABILITIES EDUCATION ACT CLAIM

42. Plaintiffs incorporate the allegations of paragraphs 1 though 40 as if fully set forth herein.

43. Under Part B of the IDEA, Felicia, as a student with disabilities is entitled to supplementary supports and special education that ensure her an appropriate education. 20 U.S.C. § 1413.

44. Felicia has not received the supplementary aids and services that she requires to receive an appropriate education consistent with the requirements of the IDEA.

45. Defendants knew or should have known that Felicia was not being provided with an appropriate education program but failed to comply with the requirements of the Act.

46. Defendants' failure to apply the policies and procedures set forth in the IDEA caused Felicia to be denied the opportunity to receive an education in an appropriate setting consistent with her needs.

47. Plaintiffs have prevailed in an action under IDEA by obtaining compensatory education for District's failure to provide a placement nor for Felicia from the first day of the 2005-06 school year through November 7, 2005.

48. Courts are authorized to award attorney fees to the prevailing party in an action under the Act. 20 U.S.C. § 1415(i)(3)(B).

## COUNT II: REHABILITATION ACT

49.     Plaintiffs incorporate the allegations of paragraphs 1 though 47 as if fully set forth herein.

50.     The Rehabilitation Act prohibits discrimination of the basis of disability in programs and activities that receive federal financial assistance. 29 U.S.C. § 794.

51.     Under the Act's education regulations, a "qualified handicapped person" is:

> With respect to public preschool, elementary, secondary, or adult educational services, a handicapped person (i) of an age during which nonhandicapped persons are provided such services, (ii) of any age during which it is mandatory under state law to provide such services to handicapped persons, or (iii) to whom a state is required to provide a free appropriate public education under section 612 of the Education of the Handicapped Act.

34 C.F.R. § 104.3(k)(2).

52.     The Rehabilitation Act requires Plaintiffs to exhaust their administrative remedies as provided under the IDEA. Plaintiffs exhausted these remedies and prevailed; however, Defendants have failed to comply with the Hearing Officer's decision and Plaintiffs are able only to get enforcement of the Order through a court of competent jurisdiction.

53.     Defendants' failure to provide Felicia an appropriate education is discrimination within the meaning of the Rehabilitation Act.

## COUNT III: SECTION 1983 CLAIMS

54.     Plaintiffs incorporate the allegations of paragraphs 1 through 49 as if fully set forth herein.

55.     Defendants, acting under color of law, intentionally, deliberately and knowingly deprived Felicia of rights protected by federal law and secured by 42 U.S.C. §1983.

56.     Defendants authorized and carried out policies and practices that deprived Felicia

of rights procured under the Constitution and federal law.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully request that this court:

1.  Order Defendants to convert the compensatory damages granted by the Hearing Officer to a monetary figure based on the amount that it would have cost them to provide Felicia with an appropriate education for each day school was in session for the 2005-06 school year through and including November 7, 2005.

2.  Order Defendants to reimburse Plaintiffs' expert the two hours of services that she performed at the District's request.

3.  Provide Felicia with an appropriate educational program and placement for the remainder of her high school education.

4.  Award Plaintiffs attorney's fees and costs in connection with the relief that the obtained as prevailing parties at the administrative level.

5.  Award Plaintiffs attorney's fees and costs based on their prevailing on this complaint.

6.  Grant such other relief as this Court deems appropriate.

Public Interest Law Center
of Philadelphia


  BR2596
Barbara E. Ransom, ID No. 64166
125 S. 9th Street, 7th Floor
Philadelphia, PA   19107
215-627-7100

Date:   September 13, 2006          Counsel for the Plaintiffs